UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON ALLEN OLRICH,

                Plaintiff,

v.                                                Case No. 18-cv-1981-pp

CITY OF KENOSHA, *et al.,*

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT NO. 17) AND REQUIRING HIM TO FILE A CERTIFIED TRUST ACCOUNT STATEMENT**

The plaintiff filed this lawsuit in December 2018. Dkt. No. 1. He filed an amended complaint, dkt. no 10, then asked the court to strike the amended complaint, dkt. no. 14. The court granted the motion to strike and screened the original complaint. Dkt. No. 15. The court concluded that the plaintiff's claims were barred by the statute of limitations and that he failed to state a claim upon which relief could be granted. Dkt. No. 15 at 8–10. The plaintiff filed a motion asking this court to reconsider its decision, dkt. no. 17, but on the same day he filed a notice of appeal, seeking to appeal to the Seventh Circuit, dkt. no. 18. Less than two weeks later, he filed a motion for leave to appeal without prepayment of the filing fee. Dkt. No. 24. The court denies the plaintiff's motion for reconsideration and orders him to file a certified six-month trust account statement so that it can rule on his motion to appeal without prepaying the filing fee.

1

## I. Motion for Reconsideration (Dkt. No. 17)

Although the plaintiff does not cite a rule in support of his motion for reconsideration, there are two rules that parties generally use to ask courts to re-visit previous decisions. Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. Rule 60(b) allows a court to grant relief from a final judgment for a specific set of reasons, within a "reasonable time" after entry of judgment.

The plaintiff filed his motion twelve days after the court entered judgment, so it was timely under Rule 59(e). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present newly-discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's ruling constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff's complaint concerned an incident that occurred on May 11, 2012, when he was a passenger in a car stopped by police officers. Dkt. No. 1 at 3–4. He alleged officers Nosalik and Zeller of the Kenosha Police Department took him into custody, where they coerced him to confess to crimes he did not commit and generally intimidated him. Id. at 4–7. He was booked into the Kenosha County Jail the same day but released the following day because "the charges were dropped; they stated they made a mistake." Id. at 7. He also alleged that the "charges" from the May 2012 incident were raised again in October 2016 when the prosecutor moved to include them as other acts evidence at his trial. Id. at 8. In screening the complaint, the court found that the May 2012 claims were barred by the applicable six-year statute of limitations[1] and that the allegations about the other acts evidence did not state a claim. Dkt. No. 15 at 9–10.

The plaintiff's motion to reconsider asserts only one argument with regard to the court's conclusion that his allegations about raising the charges as other-acts evidence failed to state a claim: he asserts that before dismissing his complaint, "the court should have given [him] the opportunity to clarify why it is not barred on a statute of limitations issue or any other concern it may of had." Dkt. No. 17 at 3. This argument does not demonstrate a manifest error of fact or law. The court concluded that the plaintiff had not alleged that the other-acts evidence caused him to suffer any harm and that the plaintiff had not sued anyone involved in filing the other-acts motion. Dkt. No. 15 at 10. The

---

[1] See, e.g., Gray v. Lacke, 885 F.2d 399, 409 (7th Cir. 1989).

plaintiff now asserts that the court should have given him the opportunity to "clarify" something about that claim—presumably rather than dismissing it. But federal law requires district courts to screen complaints, and to dismiss "the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(A)(b)(1). It does not require the court to give a plaintiff who failed to state a claim the opportunity to "clarify."

Regarding the court's conclusion that the statute of limitations barred the plaintiff's claims as to the events that occurred in 2012, the plaintiff argues in the motion to reconsider that (1) he did not discover that his rights had been violated at the time of the May 2012 events because the defendants hid evidence from him, thus asserting that the cause of action did not "accrue" until he found out about the violations, dkt. no. 17 at 1-2; (2) that the claims are not barred under the "continuing violation doctrine" because the defendants "were continuing in a pattern to hide documents and other evidence as long as they could of their wrongdoing," dkt. no. 17 at 2-3; and (3) that there are "clear" Fourth and Fourteenth Amendment claims that implicate conspiracy to violate his rights and then cover up the violations, dkt. no. 17 at 3.

The plaintiff's argument that he could not have discovered the alleged constitutional violations until later is without merit. He says that the defendants hid documentary evidence of their wrongdoing and he pursued his claims "as soon as he discovered he had been injured." The "discovery rule"

4

says that tort actions "other than those already governed by a legislatively created discovery rule" "shall accrue on the date the injury is discovered or with reasonable diligence could be discovered, whichever occurs first." Sands v. Menard, 372 Wis.2d 126, 164 (Ct. App. 2016) (quoting Hansen v. A.H. Robins, Inc., 113 Wis. 2d 550, 560 (1983)). The rule is designed to balance "the threat of stale or fraudulent actions against the injustice of barring meritorious claims before the claimant knows of the injury." Id. (quoting Dakin v. Marciniak, 280 Wis.2d 491, 502 (Ct. App. 2005)). The discovery rule does not help the plaintiff. As of May 12, 2012, the plaintiff knew that he had been arrested, questioned, refused a lawyer and intimidated. He knew who had done those things. The fact that the plaintiff might not have had all the information he wanted to prove his allegations does not implicate the discovery rule; the discovery rule "is not a promise to suspend limitations until optimal litigation conditions are established." Dakin, 280 Wis. 2d at 506.

The plaintiff's argument that the "continuing violation doctrine" prevented his claims from being time-barred also fails. The continuing violation doctrine is "an exception" to the general rule that "'a cause of action accrues [for limitations purposes] when there exists a claim capable of enforcement, a suitable party against whom it may be enforced, and a party with a present right to enforce it.'" First National Bank v. Trewin, 376 Wis.2d 527, at *5 (Ct. App. 2017) (quoting Pritzlaff v. Archdiocese of Milwaukee, 194 Wis. 2d 302, 315 (1995)). The continuing violation doctrine "applies when 'a tort involves a continued repeated injury.'" Kovacs v. United States, 614 F.3d 666, 676 (7th

5

Cir. 2010) (quoting Rodrigue v. Olin Employees Credit Union, 406 F.3d 434, 442 (7th Cir. 2005)). It means that "'the limitation period does not begin until the date of the last injury or when the tortious act ceased.'" Id. But the "doctrine . . . does not apply to a 'series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing.'" Kovacs, 614 F.3d at 676 (quoting Rodrigue, 406 F.3d at 443).

The complaint did not allege any ongoing or continuous wrongdoing. In the motion for reconsideration, the plaintiff asserts that the defendants engaged in a pattern of wrongdoing by hiding "documents and other evidence as long as they could . . . ." Dkt. No. 17 at 2. Again, even if the court assumes that the defendants hid evidence from the plaintiff that would have supported his claim, that does not demonstrate that the violations alleged in the complaint were on-going. It might show that the defendants were trying to make it harder for the plaintiff to prove his allegations, but does not prove that he could not have filed the complaint within six years of May 2012.

Finally, the plaintiff has alleged that the defendants were involved in a conspiracy to violate his rights and to cover up those violations. Even if true, that fact does not explain why the plaintiff did not bring his lawsuit within six years of the date he was arrested, questioned, allegedly intimidated and released.

The plaintiff has not demonstrated that the court committed a manifest error of law or fact in concluding that his claims about the 2012 incident were barred by the statute of limitations.

## II. Motion for Leave to Appeal Without Prepaying Filing Fee (Dkt. No. 24)

Eleven days after filing his notice of appeal, the plaintiff filed a motion for leave to appeal without prepaying the entire appellate filing fee. Dkt. No. 24. Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505 filing fee in advance for an appeal, he can request permission to proceed without prepayment. For the court to consider that request, the prisoner must complete a petition and affidavit and return it to the court, along with a certified copy of the prisoner's trust account statement showing transactions that took place during the six full months prior to the date he filed the notice of appeal. 28 U.S.C. §1915(a)(2). The plaintiff has not filed that trust account statement, which the court needs to calculate an initial partial filing fee required by the statute.

The plaintiff filed his notice of appeal on August 12, 2019. The court needs a trust account statement for the months of February 2019 through July 2019. The court will give the plaintiff a deadline by which to file that trust account statement. If the plaintiff does not either file the trust account statement or file a request for an extension of time to do so by the deadline below, the court will deny his motion to appeal without prepaying the filing fee.

## III. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 17.

The court **ORDERS** the plaintiff must provide the court with a certified six-month trust account statement for the months of February 2019 to July

7

2019 in time for the court to receive it by the end of the day on **March 20, 2020**. If the court does not receive the trust account statement or a request for more time to file that statement by the end of the day on March 20, 2020, the court will deny the plaintiff's motion to proceed without prepaying the filing fee.

Dated in Milwaukee, Wisconsin, this 26th day of February, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**