UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON ALLEN OLRICH,

                      Plaintiff,

  v.                                                    Case No. 18-cv-1981-pp

CITY OF KENOSHA, *et al.,*

                      Defendants.

---

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 24)

---

On July 30, 2019, the court dismissed this case based on the plaintiff's failure to state a claim. Dkt. No. 15. On August 12, 2019, the plaintiff filed a notice of appeal, dkt. no. 18, and a motion for reconsideration, dkt. no. 17. Eleven days later, the plaintiff filed a motion for leave to appeal without prepayment of the filing fee. Dkt. No. 24. The court denied the plaintiff's motion for reconsideration and directed him to file the required certified trust account statement for the six months preceding his notice of appeal so that the court could calculate his appellate initial partial filing fee. Dkt. No. 25. The plaintiff now has supplied his trust account statement, dkt. no. 26, and the court will address his motion to appeal without prepayment of the filing fee.

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505.00 appellate filing fee in advance, he can ask the court for permission to proceed without prepayment. For the court

1

to consider such a request, the prisoner must complete a petition and affidavit and return it to the court, along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the prisoner pays the initial fee, he must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the prisoner will collect the money and send payments to the court.

There are three grounds for denying a prisoner appellant's request to proceed without prepaying the filing fee: the prisoner has not shown that he is indigent, the prisoner filed the appeal in bad faith, or the prisoner has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g). The court finds that the plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

If a court allowed a party to proceed without prepaying the filing fee in the district court, that party may proceed without prepaying the filing fee on appeal without further authorization, unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed without prepaying the fee. Fed. R. App. P. 24(a). See also

Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) ("... a plaintiff who ... was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court does not find any indication that the plaintiff did not take this appeal in good faith. Therefore, the court will grant his motion to proceed on appeal without prepaying the filing fee.

The plaintiff has now filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff must pay an initial partial filing fee of $1.45, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

The court **GRANTS** the plaintiff's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 24.

The court **ORDERS** that the plaintiff must forward to the clerk of court **$1.45** as the initial partial filing fee; the plaintiff must forward this money in time for the court to receive it by the end of the day on **May 8, 2020**. If the plaintiff does not forward the $1.45 initial partial filing fee in time for the court to receive it by the end of the day on May 8, 2020, the court of appeals may dismiss his appeal. The plaintiff must clearly identify the payment by the case name and number assigned to the case.

The court also **ORDERS** that, after the plaintiff pays the initial partial filing fee, he must pay the **$503.55** balance of the filing fee as he is able.

The court will send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated in Milwaukee, Wisconsin this 6th day of March, 2020.

                                **BY THE COURT:**

                                _____
                                **HON. PAMELA PEPPER
                                Chief United States District Judge**